UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

___

MR. And MRS. ALBERTO GREEN,
(Alberto Green, 98-A-2117,
and Pamela Green),
KEISHA BROWER GREENE, and
ASHLEY BROWER GREENE,

        Plaintiffs,

      -v-

DONALD SELSKY, Director, Inmate's
Disciplinary Review Officer;

        Defendant.

05-CV-6691P

MEMORANDUM and ORDER

___

### INTRODUCTION

Plaintiffs *pro se* Alberto Green, an inmate at Elmira Correctional Facility, and Pamela Green, his wife, have filed this action pursuant to 42 U.S.C. § 1983 (Docket #1), and have filed motions to proceed *in forma pauperis* (Docket ##2 and 4). Plaintiff Alberto Green has filed an Authorization permitting deduction of the filing fee from his inmate account (Docket #4). Plaintiffs have also filed this action a behalf of two minor children, Keisha Brower Greene and Ashley Brower Greene, and have now requested appointment of counsel on behalf of the children (Docket #4). Plaintiffs claim that the defendant, Donald Selsky, "Director, Inmate's Disciplinary Review Officer" [sic], violated their constitutional rights when Pamela and the two children were searched, harassed and humiliated when they arrived at Attica Correctional Facility for a family reunion visit and were removed from the property without being allowed to retrieve their vehicle, apparently based on allegations

of conspiracy to smuggle contraband. Alberto was, at the same time, sent to segregation and then sentenced to one year segregation, loss of visits, packages, commissary, and phones without any evidence to support the conviction. For the reasons discussed below, plaintiffs' requests to proceed *in forma pauperis* are granted, but unless plaintiffs file an amended complaint as directed below, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Because plaintiffs have met the statutory requirements of 28 U.S.C. § 1915(a) and Alberto Green has filed an Authorization with respect to this action, plaintiffs are granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiffs' favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the

plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that, unless plaintiffs file an amended complaint as directed below, plaintiffs' claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiffs must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

**Plaintiffs' First Claim: Equal Protection**

Plaintiffs do not successfully state a claim for equal protection. Plaintiffs claim that Pamela Green, the wife of Attica inmate Antonio Green, and their two children were searched, harassed and humiliated when they arrived for a family reunion visit and were removed from the property without being allowed to retrieve their vehicle, apparently based on allegations of conspiracy to smuggle contraband. Plaintiff Antonio Green was sent to segregation and then sentenced to one year of segregation, loss of visits, packages, commissary and phones. Plaintiffs allege that they were denied equal protection in their treatment "in that persons under like and similar circumstances are not subject to such treatment without evidence to substantiate such actions". Antonio Green, in his "Objections" (Docket # 4) appears to also assert that the family visit facility was a place of public accommodation.

3

A state and its instrumentalities may not deny "any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV. At its core, equal protection prohibits the government from treating similarly situated persons differently. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Sound Aircraft Services, Inc. v. Town of East Hampton*, 192 F.3d 329, 335 (2d Cir. 1999); *Brady v. Town of Colchester*, 863 F.2d 205, 216 (2d Cir. 1988). Generalized allegations are insufficient to make out an equal protection claim.

In order to claim that a defendant's conduct violates plaintiffs' equal protection rights, plaintiffs must allege that:

> (1) ... compared with others similarly situated, [plaintiff] was selectively treated, and (2) the selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person.

*FSK Drug Corp. v. Perales*, 960 F.2d 6, 10 (2d Cir. 1992) (citing *Wayte v. United States*, 470 U.S. 598, 608-09 (1985);*LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir.1980)). Plaintiffs' allegations are insufficient because they fail to allege in anything but a cursory fashion that they were somehow treated selectively or differently from others with respect to the family reunion program. Plaintiffs' claim is subject to dismissal with prejudice, but the Court will permit plaintiffs to file an amended complaint in which the necessary allegations regarding this issue are included. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

Accordingly, plaintiffs' First Claim is dismissed unless plaintiffs file an amended complaint which sets forth factual, non-conclusory, allegations concerning: (1) how each plaintiff was treated differently with respect to the family reunion program; (2) what the alleged unlawful or discriminatory reason for treating them differently was; and (3) how each of the defendants was personally involved in the allegedly discriminatory conduct. The failure to sufficiently and factually allege each of the elements of an equal protection claim will lead to the dismissal of the equal protection claim with prejudice.

The Court notes here that plaintiffs have named only Donald Selsky as a defendant in this action. Plaintiffs have failed to allege facts that demonstrate that Donald Selsky was personally involved in the alleged deprivation. Plaintiffs may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978). "The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim." *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). Instead, a showing of some personal responsibility on the part of an employer is required. In the case of an individual defendant, plaintiffs must show that the defendant was personally involved in a constitutional deprivation, *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997), or that the defendant, employed in a position of control, failed to remedy the alleged wrong after learning of it, or created a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing subordinates, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). A claim which fails to demonstrate a defendant's personal involvement in the alleged constitutional deprivation is subject to *sua sponte* dismissal, *Sealey, id.*; *see Neitzke v. Williams*, 490 U.S. 319, 323 n. 2 (1989). However, as discussed above, plaintiffs will be

allowed to amend the claim to attempt to state a cognizable claim. If plaintiffs choose to amend this claim, they should state exactly what each person involved did. If they do not know that name of the person, they should describe them in any manner that they can, by shift, position, characteristics, etc.

Although plaintiff Alberto Green in his Objections (Docket #4) is apparently claiming that the family visit facility was a place of public accommodation, the Court is aware of no support for this claim, and plaintiffs provide no authority for such a contention.

### Second Claim: Due Process

Plaintiffs allege that Antonio Brown was sentenced to one year of segregation, loss of visits, packages, commissary, and phones without any evidence to support the conviction. Alberto Green has sufficiently stated a cause of action for denial of due process in his disciplinary hearing except that he has alleged no facts establishing the personal involvement of the only named defendant, Donald Selsky. In order to go forward plaintiff would need to allege, as discussed above, that a specific defendant or defendants were personally involved in the deprivation.

As to the other plaintiffs, they have failed to establish that they had a liberty interest in the Family Reunion Program (FRP). State law may create protected liberty interests for prisoners, but only where the state has placed "substantive limitations on official discretion," see Olim v. Wakinekona, 461 U.S. 238, 249 (1983). The Second Circuit applied this criteria to New York State's FRP in Hernandez v. Coughlin, 18 F.3d 133 (2d Cir. 1994) and found that New York had not created a liberty interest in the participation in the FRP. Further, "[t]he fact that New York State's penal system has allowed for inmates to take part in conjugal visits with their spouses in no way establishes a constitutional right of marital

intimacy for those privileges. Accordingly, there is no liberty interest entitled to the guarantees of the Due Process Clause created from state law." *Hernandez v. Coughlin*, 18 F.3d 133, at 137-138 (2d Cir. 1994). All due process claims relating to plaintiffs other than Antonio Green are dismissed.

### Plaintiffs' Claims Against Defendant in His Official Capacity

Plaintiffs purport to sue defendant Selsky in his individual and official capacity. The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989). The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiffs may therefore sue the defendant in his official capacity only if he consents to be sued. *Pennhurst*, 465 U.S. 89 at 199-201. Since defendant has not consented, the Eleventh Amendment bars the plaintiffs' suit against the defendant in his official capacity. Claims against defendant in his official capacity are dismissed.

### Request for Appointment Of Counsel

Plaintiffs have failed to demonstrate that they have attempted to obtain counsel to represent the minors and have been unsuccessful. In any event, it is not clear at this time that any claims will be allowed to go forward that concern the minor children. Plaintiff's motion for appointment of counsel for the minor children, is, therefore, denied as premature.

## CONCLUSION

Because plaintiffs have met the statutory requirements of 28 U.S.C. § 1915(a), their requests to proceed *in forma pauperis* are granted. For the reasons set forth above, plaintiffs' claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless they file an amended complaint by **July 12, 2006** in which they include the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiffs' request for appointment of counsel is denied as premature.

Plaintiffs are advised that an amended complaint is intended to *completely replace* the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiffs' amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

If plaintiffs fail to file an amended complaint as directed, the claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## ORDER

IT HEREBY IS ORDERED, that plaintiffs' motions to proceed *in forma pauperis* are granted;

FURTHER, that plaintiffs are granted leave to file an amended complaint *only* as directed above by **July 12, 2006**;

FURTHER, that the Clerk of the Court is directed to send to plaintiffs with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiffs fail to file an amended complaint as directed above by **July 12, 2006**, the claims are dismissed with prejudice without further order of the Court;

FURTHER, that plaintiffs' request for appointment of counsel is denied as premature.

SO ORDERED.

DATED:   Buffalo, New York
            June 9        , 2006

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE