UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALBERTO GREEN, et al.,

                              Plaintiffs,

                                                                <u>DECISION AND ORDER</u>

                                                                05-CV-6691L

                            v.

DONALD SELSKY, Director Inmate's
Disciplinary Review Officer, et al.,


                              Defendants.
_____

Plaintiffs Alberto Green ("Alberto"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), and his wife Pamela Green ("Pamela"), appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiffs allege that on February 3, 2004, Pamela came to visit Alberto at Attica Correctional Facility. Plaintiffs also allege that without justification, DOCS employees at Attica strip-searched Pamela, and although no contraband was found on her person, Alberto was charged with conspiring to possess contraband and other charges. Alberto was found guilty after a Tier III hearing and sentenced to twelve months' confinement in the Special Housing Unit ("SHU").

Defendants, all of whom were at all relevant times employees of DOCS, have moved for summary judgment. For the reasons that follow, the motion is granted.

**DISCUSSION**

Prior to Pamela's February 3 visit, which was scheduled as part of the DOCS Family Reunion Program and was apparently to be a conjugal visit, Pamela and Alberto had a telephone conversation on January 25, 2004. Pursuant to DOCS policies, that call was electronically monitored, and a recording of the conversation was played at Alberto's Tier III hearing.

At one point in the conversation, Alberto stated, somewhat cryptically at first, "you could put those right you know right between your–right between you–right ... ." Dkt. #26 Ex. F at 27. Pamela responded that she was "not puttin' between [her] butt walking in there ... with a big thing put something between [her] butt ... ." *Id.* at 28.

Alberto replied, "[W]hat I am saying ... is put it in a piece of plastic or something right," *id.*, and when Pamela continued to demur, he told her to "[t]ake KY jelly and put it in there ... ." *Id.* Pamela opined that it would be "very uncomfortable to be sitting around," and Alberto responded, "[Y]ou don't have to sit around. ... [Y]ou talking about as far as the processing situation," to which Pamela replied, "Right."

When Pamela showed up for her February 3 visit, she was informed that she would have to submit to a strip search as a condition of the visit. She agreed to be searched. The female officers who conducted the search found a jar of Vaseline in Pamela's pocket. She was not wearing underwear, and she had Vaseline on and between her buttocks. Dkt. #26 Ex. C. No contraband was discovered, however.

Although no contraband was found, plaintiffs were not allowed to proceed with the scheduled visit. As stated, Alberto was charged with various infractions, was eventually found guilty after a hearing, and sentenced to twelve months in SHU.

Plaintiffs filed the complaint in this action on November 30, 2005. They allege two causes of action, for violation of their constitutional rights to equal protection and to due process. Plaintiffs concede that Alberto told Pamela over the phone that she should use KY jelly when she came for her February 3 visit, but they contend that he did so "due to her screams of pain on prior trailer visits during cohabitation." Complaint at 5. Plaintiffs assert that there was no evidence to support the disciplinary charges against Alberto, and they contend that they were discriminated against on account of their race or ethnicity.

Plaintiffs' claims require little discussion, as they are plainly meritless. It was entirely reasonable for defendants to conclude, based on the January 25 telephone conversation between plaintiffs, that Alberto was trying to convince Pamela to smuggle something in to him when she came on February 3, by wrapping it in plastic and inserting it into her anus with the aid of a lubricant. Even if their conversation could reasonably be interpreted differently (and I do not believe that it could be), prison officials are entitled to wide deference where matters of institutional security are concerned, *see Whitley v. Albers*, 475 U.S. 312, 322 (1986); *Allah v. Poole*, 506 F.Supp.2d 174, 183 (W.D.N.Y. 2007). Given that broad deference, I conclude as a matter of law that it was entirely rational and reasonable for defendants to conclude that plaintiffs were planning to smuggle something in to Alberto, and to insist that Pamela submit to a strip search as a condition of proceeding with the visit. *See Pell v. Procunier*, 417 U.S. 817, 827 (1974) ("in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these [security] considerations, courts should ordinarily defer to their expert judgment in such matters."

The fact that no contraband was found also does not render defendants' actions unreasonable,

much less a violation of plaintiffs' constitutional rights. The Vaseline jar in Pamela's pocket, and the Vaseline found smeared on her buttocks, only served to corroborate defendants' suspicions. The failure to find any contraband may simply have been due to its being too deep inside Pamela's rectum, or to her lack of success in inserting it inside her, but that did not mean that plaintiffs had not conspired or attempted to smuggle in contraband.

Finally, there is no evidence to support plaintiffs' allegation that they were discriminated against on account of their race, skin color, or any other protected characteristic, or that any similarly-situated inmates and their would-be visitors were treated any differently from plaintiffs under like circumstances. In short, plaintiffs' claims are wholly lacking in factual support and must be dismissed.

## CONCLUSION

Defendants' motion for summary judgment (Dkt. #24) is granted, and the complaint is dismissed.

Defendants' motion to dismiss as to Pamela Green for failure to prosecute (Dkt. #41) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 21, 2009.